# CIVIL MINUTES - GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | David Fink | |
| | Andreas Becker | |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. 34, filed February 2, 2018)

## I.   INTRODUCTION

On October 5, 2017, plaintiffs Elias and Kristi Stavrinides, proceeding *pro se*, filed a complaint in the Northern District of California against defendants Vin Di Bona and Cara Communications Corporation, the producers of America's Funniest Home Video ("AFV"). Dkt. 1 ("Compl."). In brief, plaintiffs allege that they entered into and subsequently rescinded two agreements granting defendants exclusive use of two video clips. Id. After subsequently discovering that defendants were willfully and intentionally using the videos, plaintiffs filed suit for (1) copyright infringement, (2) unfair business practices, (3) entitlement to an accounting, and (4) declaratory relief. Id.

On December 4, 2017, defendants filed a motion to dismiss the complaint and a motion to transfer the case to the Central District of California pursuant to a forum-selection clause. Dkts. 11, 12. Plaintiffs filed untimely oppositions to the motions on December 28, 2017. Dkts. 17, 18. On January 8, 2018, Judge William H. Orrick granted defendants' motion to transfer venue, declining to reach the merits of defendants' motion to dismiss. Dkt. 29. In granting defendants' motion to transfer, Judge Orrick found that (1) plaintiffs had not validly rescinded the agreements, and (2) the forum-selection clause was binding and should be enforced. Id.

After the case was assigned to this Court on January 16, 2018, dkt. 33, defendants filed a renewed motion to dismiss on February 2, 2018 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dkt. 34 ("Mot."). Although plaintiffs have not renewed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

their opposition to the motion to dismiss, the Court will consider the opposition filed on December 28, 2017, dkt. 18, for the purposes of this ruling. The Court held a hearing on March 12, 2018. Plaintiffs did not make an appearance. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The following facts are taken from the complaint and its attached exhibits.

Plaintiffs, a married couple, jointly created two video clips. Compl. ¶¶ 3–4, 8. Mrs. Stavrinides submitted the videos to AFV. AFV then emailed her two forms: "America's Funniest Home Videos – Home Video Description Form" (the "Form") and "Home Video Exclusive Grant of Rights, Appearance, and Shooter Release" (the "Release"). Id. ¶ 9, Exs. A & B. Plaintiffs allege that the words on the forms were too small for her to read. Id. ¶ 10. AFV informed Mrs. Stavrinides that it could guarantee plaintiffs would appear on the "AFV $100,000" show; and, based on that representation, she signed both forms and returned them to AFV on January 5 and 6, 2016. Id., Exs. A & B. Mrs. Stavrinides informed AFV that her husband was the shooter, and AFV informed her that he needed to sign the forms. Id. ¶ 11. However, Mr. Stavrinides did not wish to appear on AFV, declined to fill out and sign the forms, and rebuffed AFV's subsequent attempts to elicit his participation. Id. ¶¶ 11, 13.

On July 9, 2016, Mrs. Stavrinides sent two letters via certified mail to defendants seeking to cancel her authorization for the use of the videos. Id., Exs. C & D. Plaintiffs allege that on July 19, 2016, defendants called plaintiffs in an effort to make them submit to the agreement and convince Mr. Stavrinides to sign the forms. Id. ¶ 13. On July 20, 2016, plaintiffs sent a third letter to defendants, purporting to cancel their authorization. Id. ¶ 14, Ex. E. On July 22, 2016, defendants sent Mrs. Stavrinides an e-mail with instructions for Mr. Stavrinides to sign the attached forms as the shooter of the videos. Id. ¶ 15. Plaintiffs allege that Mr. Stavrinides did not consent to or authorize defendants' use of the videos, and that Mrs. Stavrinides rescinded her authorization. Id. ¶¶ 13, 16.

Plaintiffs allege that they discovered defendants' use of the videos in July 2017 when a friend alerted them to the existence of the videos on Facebook. Id. ¶ 17. On July 22, 2017, plaintiffs sent defendants a "Notice of Intent to Commence an Action." Id. ¶ 18. On August 15, 2017, defendants responded with an e-mail to Mrs. Stavrinides stating that defendants held exclusive rights to the videos. Id. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

Plaintiffs assert a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Id. ¶¶ 20–32. Despite describing the videos as copyrighted, plaintiffs allege that they have not registered these works with the United States Copyright Office. Id. ¶ 22. Nonetheless, plaintiffs allege that they have exclusive rights to the copyrighted works, and that defendants' allegedly unauthorized use amounts to intentional and willful infringement warranting an award of statutory damages and attorneys' fees. Id. ¶¶ 23, 25–28, 31. Plaintiffs allege a claim for unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. against defendants for allegedly using plaintiffs' "copyrighted materials" and falsely claiming ownership over the videos. Id. ¶¶ 34–37. In addition, plaintiffs seek an accounting to determine the amount of money owed to them by defendants, id. ¶ 40, and declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, id. ¶ 46.

## III. LEGAL STANDARDS

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

Defendants move to dismiss to the complaint in its entirety on several grounds: (1) plaintiffs' failure to register their copyrights forecloses the infringement claim, (2) the agreement signed by Mrs. Stavrinides bars plaintiffs' claims as a matter of law; (3) plaintiffs' state law claims are preempted by the Copyright Act; and (4) plaintiffs' claim for declaratory relief is premature and duplicative. The Court addresses these arguments in turn.

### A. Plaintiffs Have Not Registered Their Copyrights

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made" with the Copyright Office. 17 U.S.C. § 411(a). This registration requirement is a "precondition to suit." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010); see also Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998) ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright."). "The Ninth Circuit effectively treats the § 411 registration requirement as an element of a copyright infringement claim." J & J Sports Prods., Inc. v. Dailey, No. C 10-05510 SI, 2011 WL 3418391, at *1 (N.D. Cal. Aug. 4, 2011) (citing Cosmetic Ideas, Inc. v. IAC/Interactive Corp., 606 F.3d 612, 618 (9th Cir. 2010)).

Here, plaintiffs allege in their complaint that they have not registered copyrights in the videos with the Copyright Office. Compl. ¶ 22. The complaint therefore fails to state a claim for copyright infringement. In addition, plaintiffs' prayer for statutory damages and attorneys' fees must be dismissed. The Copyright Act prohibits such an award unless the copyrighted work was registered prior to commencement of the infringement action or the registration was made within three months after first publication of the work. See 17 U.S.C. § 412. Accordingly, plaintiffs fail to state a claim for copyright infringement and cannot recover statutory damages and attorneys' fees under the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

### B.   Plaintiffs Fail to State a Claim for Copyright Infringement

Defendants contend that plaintiffs' claims are barred as a matter of law because Mrs. Stavrinides is bound by the terms of the agreements. Mot. 11. In signing the agreements, Mrs. Stavrinides transferred her rights in the videos to defendants and separately granted defendants a license to exploit those works. Id. She therefore cannot assert a claim against defendants for exploiting the videos in accordance with the terms of the agreements. Id. Defendants also maintain that the allegations in the complaint fail to demonstrate that she validly rescinded the agreements. Id. at 14–17. Similarly, defendants argue that Mr. Stavrinides's claims are barred. Id. at 17–19. The Court agrees.

### 1.   The Infringement Claim is Barred by the Agreements

As previously noted, the complaint alleges that Mrs. Stavrinides signed two agreements: the Form and the Release. Compl., Exs. A & B. In filling out the Form, Mrs. Stavrinides checked boxes indicating that she is the "owner" and "shooter" of the videos. Id. at 14, 23. In signing the Release, she also represented that she was the "sole and exclusive owner" of the videos because she "shot" the videos or she was "the submitter" of the videos and "the shooter" had "transferred all copyright" in the videos to her. Id. at 19, 28. She further represented that she had "obtained all necessary consents and permissions required" for defendants to "exploit the rights granted" under the Release including "any and all intellectual property rights of third parties." Id. When Mrs. Stavrinides signed the Release, she also "irrevocably grant[ed]" to defendants the "sole and exclusive ownership of all right, title, and interest in and to" the videos "including, without limitation, all copyright and other intellectual property rights." Id. at 16, 25. "Without limiting the foregoing grant of rights," Mrs. Stavrinides also separately granted defendants the "exclusive right, license and permission to freely utilize and exploit" the videos "and/or any portions(s) thereof in any manner." Id.

The Court finds this language unambiguous and reasonably susceptible to only one interpretation. When Mrs. Stavrinides signed the Release Form, she agreed to irrevocably grant defendants an exclusive license to freely use and exploit the videos in any manner. Although the complaint alleges that Mr. Stavrinides refused to fill out the forms, his wife as a co-owner of the videos was free to unilaterally license her copyrights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

to defendants. See Oddo v. Ries, 743 F.2d 630, 633 (9th Cir. 1984) ("[E]ach co-owner has an independent right to use or license the use of the copyright."). By granting defendants a license, Mrs. Stavrinides has waived her right to sue them for copyright infringement. See MDY Indus., LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 939 (9th Cir. 2010) (a copyright owner who grants a license to use his or her copyrighted material "waives the right to sue licensees for copyright infringement"). Moreover, Mr. Stavrinides cannot maintain an infringement claim against defendants because "[t]he existence of a license creates an affirmative defense to a claim of copyright infringement." Worldwide Church of God v. Phila. Church of God, Inc., 227 F.3d 1110, 1114 (9th Cir. 2000). Accordingly, plaintiffs fail to state a claim for copyright infringement against defendants.

### 2.     Plaintiffs Fail to Allege Valid Rescission of the Agreements

Plaintiffs do not dispute that Mrs. Stavrinides signed the agreements. See Compl. ¶ 10. Rather, plaintiffs allege that she cancelled those agreements by sending two letters purporting to remove her signature "issued by mistake and inadvertence." Id., ¶ 14, Exs. C & D. In the letters, Mrs. Stavrinides writes that she signed the agreements "by my mistake, inadvertence, and not knowing what I was doing or agreeing to with your electronic contact. I am not an attorney nor did I print out and read what your contract stated and further did not understand what I was doing. Also, another person shot the video and I do not have their permission for use of this video." Id. Prior to transferring this case, Judge Orrick rejected plaintiffs' rescission argument and found that the agreements (including the forum-selection clause) remain valid and binding. See dkt. 29. Judge Orrick noted that plaintiffs' argument was premised on two theories of mistake: (1) Mrs. Stavrinides signed the agreements by mistake without understanding their terms; and (2) she mistakenly signed the contracts without Mr. Stavrinides' permission. Id. at 4. Judge Orrick found that neither of these constitutes a mistake within the meaning of Cal. Civ. Code § 1577. The Court agrees.

Under California law, a party may rescind a contract only under certain enumerated circumstances, including "[i]f the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence." Cal. Civ. Code § 1689. "When contracting parties have entered into a contract under a material mistake of law or fact, the parties are entitled to be relieved by reason of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

mutual mistake."[1] Merced Cty. Mut. Fire Ins. Co. v. State of California, 233 Cal. App. 3d 765, 771 (Ct. App. 1991). "[R]escission is [also] available for a unilateral mistake, when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party." Id.; see also Architects & Contractors Estimating Servs., Inc. v. Smith, 164 Cal. App. 3d 1001, 1007–08 (Ct. App. 1985) ("Unilateral mistake is ground for relief where the mistake is due to the fault of the other party or the other party knows or has reason to know of the mistake."). The elements of unilateral mistake of fact are: (1) a party made a mistake regarding a basic assumption upon which that party made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to that party; (3) that party does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable. Donovan v. RRL Corp., 27 P.3d 702, 716 (Cal. 2001).

Plaintiffs fail to allege facts demonstrating that Mrs. Stavrinides validly rescinded the agreements based on a unilateral mistake. As noted by Judge Orrick, plaintiffs allege that (1) Mrs. Stavrinides signed the contracts by mistake and without understanding their terms because the font was too small to read; and (2) she did not have her husband's permission to enter into the agreements. These allegations do not meet the requirements for unilateral mistake. As previously explained, Mrs. Stavrinides did not need her husband's permission to enter into the agreements because she is co-owner of the copyrights. See Odd, 743 F.2d at 633. Moreover, a unilateral misinterpretation of contractual terms, without knowledge by the other party at the time of contract, does not constitute a unilateral mistake. See Donovan, 27 P.3d at 714. Plaintiffs have not alleged facts demonstrating that Mrs. Stavrinides (1) made a mistake regarding a basic assumption of the agreements that was known to defendants and encouraged by them; (2) the mistake had material and had an adverse effect upon the agreed exchange of performances; (3) she does not bear the risk of the mistake; or (4) the enforcement of the contract would be unconscionable. Id. at 282; Merced, 233 Cal. App. 3d at 771.

---

[1] A mistake of fact is defined as a "mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in" either "[a]n unconscious ignorance or forgetfulness of a fact past or present," or "[b]elief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." Cal. Civ. Code § 1577.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL           'O'

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

In sum, the Court finds that the allegations in the complaint fail to establish a valid rescission of the agreements, and therefore plaintiffs cannot maintain a claim for copyright infringement against defendants. Accordingly, defendants' motion to dismiss plaintiffs' first claim for copyright infringement is **GRANTED**.

**C.    Plaintiffs State Law Claims Are Preempted**

Defendants argue that plaintiffs' state law claims for unfair business practices and an accounting are preempted by the Copyright Act. Mot. at 19–20. "The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title.'" Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting 17 U.S.C. § 301(a)). A state law claim is preempted by the Copyright Act if two elements are present: (1) the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act; and (2) the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102, 103. Kodadek, 152 F.3d at 1212; see also Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) ("To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action.").

Here, plaintiffs state law claims for unfair business practices and an accounting rest entirely on the copyright infringement claim. First, plaintiffs allege that defendants violated the UCL by "utilizing" the "copyrighted materials" without plaintiffs' permission and by "falsely claiming ownership" over the videos. Compl. ¶¶ 34–36. Plaintiffs seek an accounting of income earned by defendants through the use of these videos. Id. ¶¶ 39–42. Accordingly, plaintiffs' UCL and accounting claims are based solely on rights equivalent to those protected by the Copyright Act. Second, the videos constitute "motion pictures and other audiovisual works" subject to copyright protection. 17 U.S.C. § 102(a)(5). Moreover, plaintiffs' failure to register their copyrights does not avoid preemption of their state law claims. See Kodadek, 152 F.3d at 1213 (determining that plaintiff's UCL claim was preempted despite the fact that plaintiff never properly received a copyright registration, which foreclosed his copyright infringement claim pursuant to 17 U.S.C. § 411(a)); see also Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 658 (4th Cir. 1993) (holding that the registration requirement under § 411(a) "has no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
|---|---|---|---|
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

bearing on the preemption of state law under § 301" and plaintiff could not "escape the preemptive effect of § 301 merely by failing to register its copyright in a timely fashion."). Accordingly, the Court finds that plaintiffs' state law claims are preempted.

The Court **GRANTS** defendants' motion to dismiss plaintiffs' second claim for violation of the UCL and third claim for an accounting.

### D.     Plaintiffs' Lack Standing and Declaratory Relief is Unnecessary

Defendants move to dismiss plaintiffs' claim for declaratory relief on two grounds: (1) plaintiffs lack standing, and (2) the claim is duplicative and unnecessary. Mot. at 20–21. To have standing to seek declaratory relief pursuant to 28 U.S.C. § 2201, a plaintiff must show that "under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555–56 (9th Cir. 1989). In the context of a copyright case, the plaintiff must have "a real and reasonable apprehension that he will be subject to liability." Id. at 1556. Because plaintiffs have not demonstrated any risk that they will be subject to liability for copyright infringement, the Court agrees that they have failed to show standing to seek declaratory relief. In addition, "a claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009). Here, defendants seek a declaration as to the rights of the parties with respect to the videos. Because these rights would necessarily be determined through the adjudication of plaintiffs' copyright infringement claim, declaratory relief is duplicative and unnecessary.

Accordingly, defendants' motion to dismiss plaintiffs' fourth claim for declaratory relief is **GRANTED**.

### E.     Leave to Amend Is Warranted

Defendants ask the Court to dismiss plaintiffs' claims with prejudice. Mot. at 21–22. As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). And "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-00314-CAS(JPRx) | Date | March 12, 2018 |
| Title | ELIAS STAVRINIDES, ET AL. V. VIN DE BONA, ET AL. | | |

1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Id. at 1006.

Defendants argue that leave to amend should be denied because the agreements remain binding on the parties and foreclose plaintiffs' claims as a matter of law. Mot. at 22. As an initial matter, plaintiffs cannot maintain an action for copyright infringement unless and until they validly register their copyrights. Moreover, the Court has determined that the agreements signed by Mrs. Stavrinides are case-dispositive and foreclose plaintiffs' claims as a matter of law. Although the facts alleged in the complaint fail to demonstrate valid rescission of the agreement, and the Court has grave doubts as to whether plaintiffs will be able to cure this defect, the Court will nevertheless grant leave to amend.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss the complaint in its entirely. Plaintiff shall have twenty-one (21) days from the date of this order to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |